■ In the Matter of LITTLE FLOWER NURSING HOME, Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants.—Mikoll, J. Appeal from a judgment of the Supreme Court (Cheeseman, J.), entered April 17, 1989 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul two determinations of the Department of Health regarding petitioner's 1987 and 1988 Medicaid reimbursement rates.

This CPLR article 78 proceeding is a challenge to the interpretation of 10 NYCRR 86-2.28 given by respondent Commissioner of Health for the purpose of computing the return on average equity capital for petitioner's 1987 and 1988 Medicaid reimbursement rates. Supreme Court held that the Commissioner's computation in the instant case was incorrect because it had subtracted from average equity capital the amount of property equity upon which a return was being paid under 10 NYCRR 86-2.21 (e) (6) and had concluded that no reimbursement was allowable since the equity capital was less than the reimbursed property equity. Supreme Court reasoned that the term "excluding", as used in 10 NYCRR 86-2.28, means that capital invested in land, plant, fixed equipment and capital improvements thereto (property equity) is not to be included in any way in computing average equity capital. It determined that the subject term did not mean that the property equity is to be subtracted from the current assets which are the working capital and part of the basis for the average equity capital. The court held that "excluding" meant not to be included. The court, relying on *Matter of Grace Plaza v Axelrod* (121 AD2d 799), concluded that the interpretation the Commissioner placed on 10 NYCRR 86-2.28 was irrational. We agree. The judgment of Supreme Court should therefore be affirmed.

Petitioner is the operator of a licensed residential health care facility and a participant in the Medicaid program, a joint Federal-State program enacted pursuant to title XIX of the Federal Social Security Act (42 USC § 1396 *et seq.;* Public Health Law art 28). Petitioner protested its Medicaid reimbursement rates set by the Department of Health for the years 1987 and 1988 and sought recomputation of its return on equity capital, which the Commissioner disallowed. Subsequently, petitioner was denied an administrative hearing for the year 1987 on the ground that the dispute did not involve an issue of fact. Based on the denial of a hearing for the year 1987, petitioner did not request one for the year 1988, deeming it to be a futile request and instead commenced this proceeding. It is conceded that this proceeding covers the reimbursement rates set for both 1987 and 1988. This appeal by respondents followed Supreme Court's judgment in favor of petitioner.

The regulation governing computation of a facility's return on investment provides: "Return on Investment. In computing the allowable costs of a proprietary residential health care facility, there will be included a reasonable return on average equity capital, *excluding capital invested in land, plant, fixed equipment and capital improvements thereto, invested for necessary and proper operation for patient care activities.* The percentage to be used in computing this allowance will be a rate determined annually by the commissioner as reasonably related to the then current money market" (10 NYCRR 86-2.28 [emphasis supplied]). The regulatory scheme applicable to determining capital cost reimbursement for facilities defines "equity" as "all cash or other assets, net of liabilities, invested by a facility or its operator in land, building and nonmovable equipment" (10 NYCRR 86-2.21 [a] [4]). The "capital cost component" includes "a payment factor sufficient to pay an annual rate of return on average equity, as such average annual equity shall be determined by the commissioner in each year of useful facility life" (10 NYCRR 86-2.21 [e] [6]). Thus, the definitions in 10 NYCRR 86-2.21 relate to a return on equity invested in property while 10 NYCRR 86-2.28 relates to "equity * * * invested for necessary and proper operation for patient care activities". The latter regulation clearly excludes from its computation capital invested in real property i.e., "in land, plant, fixed equipment and capital improvements thereto" (10 NYCRR 86-2.28). Supreme Court therefore correctly ruled that it was improper for the Commissioner to subtract capital invested in "property" in computing

petitioner's average equity capital as 10 NYCRR 86-2.28 plainly relates to operational capital equity *(see, Matter of Grace Plaza v Axelrod,* 121 AD2d 799, 800-802, *supra).*

This court, quoting Supreme Court's decision in *Matter of Grace Plaza,* noted that " 'the commingling of working equity capital with capital attributable to real property ownership is * * * clearly improper. Not only does the language of the regulation itself establish the impropriety of this manner of computation, but the concept appears to be contrary to the scheme of the reimbursement formula. This formula envisions three separate factors of reimbursement—operational costs, capital costs and the reimbursement factor here in issue, a reasonable return upon the owner's cash investment [equity]' " *(supra,* at 801-802). Reimbursement is separately computed upon property equity capital (10 NYCRR 86-2.21) and equity invested in the operation (10 NYCRR 86-2.28) as the regulations reflect and the two should not be commingled *(supra).* Thus, under the reasoning employed by this court in *Matter of Grace Plaza,* the result reached by the Commissioner must be held to be irrational.

Respondents' attempt to distinguish the result in *Matter of Grace Plaza (supra),* from the instant case, on the basis that in that case the real property was owned by a separate corporate entity, is of no significance inasmuch as the separate corporate entity was also owned by the facility's owner and this fact was considered in *Matter of Grace Plaza.*

Also rejected is respondents' further argument that the wording changes in 10 NYCRR 86-2.28 of the phrases "net equity capital" and "improvements thereto" to "average equity capital" and "capital improvements thereto," respectively, enacted since *Matter of Grace Plaza (supra)* was decided, require a different result in this case. 10 NYCRR 86-2.28 excludes capital invested in real property from the computation. The result of this exclusion from the term "average equity capital" leaves one essentially with the operational equity capital or working capital. The change in the phrases is not a substantial difference, especially in the instant case where the only long-term assets involved are those related to the excluded real property. The problem with respondents' proposed interpretation is that 10 NYCRR 86-2.21 (a) (4) confines the term "equity" to real property, whereas 10 NYCRR 86-2.28, as previously stated, specifically excludes real property. Consequently, the phrase "average equity capital" as used in 10 NYCRR 86-2.28 cannot be construed to include real property equity.

Respondents' reliance on this court's decision in *Catlin v Sobol* (155 AD2d 24) for the proposition that great deference is due to the Commissioner in construing the regulation in question here is misplaced, as our decision in this case is not contrary to the principles enunciated in the *Catlin* case regarding the interpretation of administrative regulations.

Judgment affirmed, with costs. Casey, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.